NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2026

_____

STANLEY E. KORNAFEL,
                                    Appellant

v.

DEL CHEVROLET; JACK DELVECCHIO, OWNER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01419)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2018

Before:  SHWARTZ, KRAUSE and FUENTES, Circuit Judges

(Opinion filed:  August 15, 2018)

_____

OPINION*

_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stanley E. Kornafel appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint for lack of jurisdiction. Kornafel's complaint raised issues about allegedly unfair arbitration and court proceedings in state court regarding his dispute with a car dealership and its owner. As the District Court properly determined that it lacked jurisdiction to consider Kornafel's claims, we will affirm the District Court's judgment.[1]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Kornafel argues in his appellate brief that the District Court failed to consider the merits of his arguments--but it was without the authority to do so. As the District Court properly noted, federal courts do not have subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). While Kornafel's complaint is not easy to understand,

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal order. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

most of the document raises claims about being harmed by state court judgments or arbitration decisions.

We further agree that to the extent Kornafel's complaint could be broadly construed to raise constitutional claims, any such claim was not viable, because the only defendants named in the complaint were Del Chevrolet and Jack Del Vecchio, neither of whom is a state official. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (constitutional claim raised under 42 U.S.C. § 1983 must involve deprivation of a federal constitutional or statutory right by a state actor). While a private party may qualify as a state actor if he or she conspires with a state official, see id., Kornafel has not meaningfully claimed that Del Vecchio has done so, see Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").[2]

We discern no other basis for jurisdiction in the District Court. Kornafel cited some federal statutes in his complaint, but none of them provides a cause of action for the claims of his complaint.[3] Thus, the District Court did not have federal question

---

[2] Much of Kornafel's complaint involves allegations that he was not treated fairly by the state court judges. But allowing him to amend his complaint to name judges as defendants would be futile, as "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

[3] Kornafel cites 9 U.S.C. § 10, but the Federal Arbitration Act, of which that section is a part, "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." Vaden v. Discover Bank, 556

3

jurisdiction.  See 28 U.S.C. § 1331.  And there was no diversity of citizenship, so the District Court lacked diversity jurisdiction.  See 28 U.S.C. § 1332.  The District Court thus properly dismissed the complaint for lack of jurisdiction.

For the foregoing reasons, we will affirm the District Court's judgment.

---

U.S. 49, 59 (2009) (internal quotation marks and alterations omitted).  Kornafel also cites 28 U.S.C. §§ 2071 and 2075, but those statutes deal with the power of the federal courts to make rules for the procedures of their courts.  They have nothing to do with the subject matter of Kornafel's complaint.